(64 Misc. Rep. 437.)

### KAPLAN v. OLSEN et al.

(Supreme Court, Special Term, New York County. September 13, 1909.)

COSTS (§§ 91, 208*)—TAXATION—SEPARATE BILLS—OBJECTION.

Plaintiff may move the court for an order limiting different defendants to one bill of costs, on the ground that separate defenses were interposed by them unnecessarily and collusively to enhance costs; but the clerk has no right to determine the question, and can exercise no judicial power in granting or refusing costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 356–364; Dec. Dig. §§ 91, 208.*]

Action by Solomon Kaplan against John E. Olsen and others. Motion by defendant Lillie S. Olsen to compel the clerk to tax a bill of costs in her favor. Motion granted.

Charles L. Greenthal, for the motion.
David Bernstein, opposed.

GIEGERICH, J. A motion is made by the defendant Lillie S. Olsen for an order directing the clerk to tax a bill of costs as heretofore presented to her. The theory on which the clerk refused to tax the bill is apparent from the indorsement which he made on its face, being as follows:

"Taxation of this bill of costs refused. But one bill can be taxed, as answers are the same substantially."

There was before him at the time an affidavit of the plaintiff's attorney opposing the taxation of the proposed bill of costs and setting forth that the action was against the two defendants, husband and wife, upon a promissory note made by the husband and indorsed by the wife, that the answers were substantially the same, that the wife appeared by an attorney who had formerly been a clerk of the husband's attorney and still sustained intimate relations with him, that papers purporting to come from the office of the wife's attorney were in fact indorsed in the handwriting of the husband's attorney, and various other facts not necessary to recite tending to show that the separate appearances were made for the purpose of taxing separate bills of costs. There was also before the clerk an opposing affidavit presented in support of the proposed bill of costs. Upon the present motion there are still further affidavits on either side.

I am of the opinion that the motion should be granted, without reference to the merits of the plaintiff's claim that the separate appearances were not in good faith and were made for the purpose of en-

hancing costs. As was said in Williams v. Cassady, 22 Hun, 180, at page 185, it was open to the plaintiff to move the court for an order limiting the defendants to one bill on the ground that the separate defenses were interposed unnecessarily and collusively, and that the practice adopted was unjust and a fraud upon the law, but that the clerk had no right to determine this question, and could exercise no judicial power in granting or refusing the costs of the action to any party. It is true that in Haye v. Robertson, 38 N. Y. Super. Ct. 59, it seemed to be assumed by the Special Term that the clerk had such power, and that it was error for him to refuse to exercise it where the facts showed such unnecessary separate appearances. The question of regularity of practice was not discussed in the latter case, however, and there is nothing to show that the court's attention was drawn to it. I am of the opinion that the better method, both theoretically and practically, of presenting such a question to the court, is the one pointed out and approved in Williams v. Cassady.

I therefore grant the motion, but without costs, and without prejudice to an application of the character above indicated.